By the Court,

Nelson, Ch. J.
It seems to me that the plaintiff has not put upon the record sufficient matter to show that he was alluded to by the words used in the libel. They do not necessarily refer to the editor of the “ Ogdensburgh Times,” and the plaintiff should, therefore, have further shown by a proper averment, that the words, “ who edits the Times,” as used in the libel, *509 referred to and were intended to designate the plaintiff, the editor of the “ Ogdensburgh Times.” As to the manner in which this averment should be made, see Miller v. Maxwell, (16 Wend. 1;) Croswell v. Weed, (25 id. 621;) Goldstein v. Foss, (4 Bingh. 489.) In the absence of such an averment, it does not necessarily appear upon the record that the plaintiff is the person alluded to in the publication; on the contrary, the declaration shows that he is not the editor of the “ Times,” but of a different paper.
It may well be, that the plaintiff is the person alluded to in the libel, and if this be so, by inserting proper averments in the declaration, he will probably be able to prove it to the satisfaction of a jury, from extraneous circumstances taken in connection with the character of the article itself. But the right of action must be certain and complete upon the record, and-hence it is indispensable that there be an averment of the kind already indicated. (2 Saund. Pl. & Ev. 794, and the cases cited supra.)
The innuendo cannot help the plaintiff out of the difficulty, as that can neither add to nor enlarge the sense, beyond what is warranted by the introductory matter. Its office is to point to such matter arid give the meaning derivable from the averments there made and nothing more.
I am therefore of opinion that the defendant is entitled to judgment, with leave to the plaintiff to amend on the usual terms.
Ordered accordingly.